making the entry the petitioner acted without intention to misrepresent the facts, to defraud the revenue of the United States, or to deceive the appraiser as to the value of the goods. The petition was therefore granted.

No. 49311.—Petition 6198–R of Jack Schaefer, Inc. (Los Angeles).

Opinion by CLINE, J. It appeared the invoice covered badminton rackets, nets, shuttlecocks, tennis rackets, and gut for badminton and tennis rackets. Two of the items of badminton nets were advanced, all other items being appraised as entered. The only witness in the case testified on behalf of the petitioner that he furnished the customs broker with the invoice upon which entry was made and believed that the values shown on the invoice were correct; that at the time of entry he did not have information as to value other than that stated on the invoice; that he did not consult with the appraiser prior to entry; that the broker entered according to his instructions. It was further shown that he had been importing merchandise from India for about 10 years and that he assumed he was buying at the same price that anyone could buy and had no reason to believe he was getting a special price or a lower price than other purchasers because of higher quantities purchased. The court stated that the record indicated the situation is similar to that in *Wroblewski* v. *United States* (28 C. C. P. A. 150, C. A. D. 137) and was of the opinion that the petitioner herein made entry at the invoice values in good faith. The petition was therefore granted.

No. 49312.—Protests 95455–K, etc., of Acadia Manufacturers Supply Co. et al. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

MARCH 30, 1944

No. 49313.—SUIT 4434.———————————————*P. Beiersdorf & Co., Inc.* v. *United States.* C. D. 718 reversed February 7, 1944. C. A. D. 267.

No. 49314.—SUIT 4456.———————————————*United States* v. *United States Rubber Co.* C. D. 779 affirmed February 7, 1944. C. A. D. 269.

BEFORE THE SECOND DIVISION, APRIL 5, 1944

No. 49315.—Protest 108256–K of Armand Schwab & Co., Inc. (New York).

Opinion by TILSON, J. It is claimed that the articles in question consist of hemp hats, not blocked or trimmed, and not bleached, dyed, colored, or stained, and that they are similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). It was found that the record sustained the plaintiff's contention. The protest was therefore sustained to that extent.

No. 49316.—Protest 107892–K of Henry Pollak, Inc. (New York).

Opinion by TILSON, J. The record showed that certain of the items in question consist of hemp hats similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). The claim at only 25 percent under paragraph 1504 (b) (1) was therefore sustained as to this item.

**No. 49317.**—Protest 107394–K of Eurasia Import Co., Inc. (New York).

Opinion by TILSON, J. The record showed that certain of the items in question consist of hemp hats similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). The claim at only 25 percent under paragraph 1504 (b) (1) was therefore sustained as to this item.

**No. 49318.**—Protests 2034–K (B), etc., of O. Yoshizawa Co. et al. (New York).

Opinion by TILSON, J. Certain of the items were found to consist of sisal hats similar to those involved in Abstract 46497 and others to consist of hemp hats similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), which records were incorporated herein. In accordance therewith the protests were sustained as to these two items.

**No. 49319.**—Protest 99729–K of Simon, Healey & Goldstein, Inc. (New York).

Opinion by TILSON, J. The record showed that the claim was well founded. The mufflers in question were therefore held dutiable as claimed, following Abstract 46985.

**No. 49320.**—Protest 972880–G of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J. The evidence disclosed that the bicycle horns in question are similar to those involved in *Spiegel* v. *United States* (9 Cust. Ct. 194, C. D. 692), the record in which case was incorporated herein. The claim at 30 percent under paragraph 371 was therefore sustained.

**No. 49321.**—Protest 105797–K of M. Pressner & Co. (New York).

Opinion by LAWRENCE, J. The uncontradicted evidence disclosed that the tape measures in question are similar to those the subject of Abstract 43372, which record was incorporated herein. In accordance therewith the claim at 40 percent under paragraph 339 was sustained.

**No. 49322.**—Protest 105339–K of M. Pressner & Co. (New York).